FILED

2010 MAR -2 AM 11: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY HADRICK,<br><br>                                Plaintiff,<br>    vs.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security,<br><br>                             Defendant. | CASE NO. 08cv954 BEN (WMc)<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION DENYING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>GRANTING DEFENDANT'S CROSS<br>MOTION FOR SUMMARY<br>JUDGMENT |

Before this Court is Plaintiff's Motion for Summary Judgment (Docket No. 19) and Defendant's Cross-Motion for Summary Judgment (Docket No. 21). On February 8, 2010, Magistrate Judge McCurine issued a Report and Recommendation. (Docket No. 25.) The parties did not file an objection or other response to the Report and Recommendation.

For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation and directs the Clerk to enter judgment in favor of Defendant.

## BACKGROUND

### A. PROCEDURAL BACKGROUND

On April 29, 2003, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since January 17, 2001. (AR 19, 100-02, 748.) The claim was denied initially and then again on reconsideration. At Plaintiff's request, a hearing was held before an Administrative Law

1    Judge ("ALJ"). After the hearing, on July 28, 2005, the ALJ denied Plaintiff's claim. (AR 19-28, 748-

2    74.)

3           On December 28, 2005, Plaintiff filed a second SSI application, again alleging disability since

4    January 17, 2001.  (AR 748.)

5           In March 2006, the Appeals Council denied review of the ALJ's July 2005 decision (AR 8-11),

6    and Plaintiff appealed to the United States District Court for the Southern District of California (AR

7    788). On September 5, 2007, Plaintiff's appeal was granted and the decision was remanded for further

8    consideration,  including  further  consideration  of  the  treating  physicians'  opinions  and  further

9    assessment of Plaintiff's residential functional capacity in light of those opinions. (AR 748, 784-815.)

10   The Appeals Council ordered the ALJ to associate Plaintiff's two SSI applications and issue a new

11   decision.  (AR 818.)

12          On March 26, 2008, on remand and after two additional hearings at which Plaintiff was

13   represented by counsel and testified on her own behalf, the ALJ issued a decision finding that Plaintiff

14   was disabled from December 1, 2003 through March 1, 2005. (AR 748-74.) Plaintiff filed exceptions

15   with the Appeals Council, but the Appeals Council declined to assume jurisdiction.  The ALJ's

16   decision, therefore, became the Commissioner's final decision for purposes of this appeal. *See* 20 CFR

17   § 416.1481.

18          On May 29, 2008, having exhausted her administrative remedies, Plaintiff filed this action in

19   this Court, seeking judicial review of the Commissioner's final decision denying her SSI prior to

20   December 1, 2003 and after March 1, 2005.  (Docket No. 1, pg. 2.)

21          On November 30, 2009, Plaintiff filed a Motion for Summary Judgment ("Motion"). (Docket

22   No. 19.)

23          On January 4, 2010, Defendant filed an opposition to Plaintiff's Motion, as well as a Cross-

24   Motion for Summary Judgment ("Cross-Motion").  (Docket Nos. 21, 22.)  Plaintiff did not file a

25   response to Defendant's Cross-Motion.

26          On February 8, 2010, the Honorable Magistrate Judge William McCurine, Jr. issued a Report

27   and Recommendation recommending that Plaintiff's Motion be denied and Defendant's Cross-Motion

28   be granted.  The parties did not file an objection or other response to the Report and Recommendation.

**B. FACTUAL BACKGROUND**

Plaintiff was born on July 30, 1960. (AR 100.) At the time of the alleged onset of her disability, Plaintiff was forty-two years old. (AR 100, 754.) Plaintiff has a twelfth grade education and is able to read and communicate in English. (AR 107, 114.) Plaintiff has no transferrable job skills due to a lack of past relevant work experience. (AR 755.)

At a hearing in August 2007, Plaintiff testified she cannot work due to joint disease of the knee, back pain, and carpal tunnel syndrome. (AR 835-41.) Plaintiff has also stated she receives Workers Compensation. (AR 101.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b) set forth the duties of a district court in connection with a Report and Recommendation from a magistrate judge. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "If neither party contests the [magistrate judge's] proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo, regardless of whether any party filed objections thereto. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

1    (*quoting Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider

2    the entire record as a whole, weighing both the evidence that supports and the evidence that detracts

3    from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of

4    supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and

5    internal quotation marks omitted).

6                           **ANALYTICAL FRAMEWORK AND BURDEN OF PROOF**

7             A person is considered disabled within the meaning of the Social Security Act if he or she (1)

8    is not engaged in substantial gainful activity, (2) has a severe impairment that (3) meets a listing, (4)

9    whose residual functioning capacity prevents him or her from performing past relevant work, or (5)

10   his or her residual functioning capacity prevents him or her from performing other work. 42 U.S.C.

11   § 1382c(3); 20 C.F.R. § 416.920. At steps one through four, Plaintiff has the burden of proof. *Tackett*

12   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

13            The alleged impairment or impairments must result from anatomical, physiological, or

14   psychological abnormalities that are demonstrable by medically accepted clinical and laboratory

15   diagnostic techniques and must be of such severity that the claimant is not only unable to do his

16   previous work, but cannot, considering his age, education, and work experience, engage in any other

17   kind of substantial, gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3).

18                                            **DISCUSSION**

19            Plaintiff asserts the ALJ erred as follows: (A) the ALJ failed to consider substantial evidence

20   establishing Plaintiff's obesity; (B) the ALJ failed to provide specific and legitimate reasons for

21   rejecting the opinions of Plaintiff's treating physicians; (C) the ALJ erred in finding that Plaintiff

22   experienced medical improvement as of October 2, 2001; (D) the ALJ failed to resolve conflicts in the

23   testimony of the vocational expert; and (E) the ALJ failed to establish Plaintiff was able to perform

24   work, and thus not disabled, from October 2, 2001 to November 30, 2003.

25            A detailed list of Plaintiff's medical history is set forth in the Report and Recommendation.

26   As the parties are familiar with the facts and do not dispute their accuracy as set forth in the Report

27   and Recommendation, the Court will not recount it here. *Orand,* 602 F.2d at 208.

28

**A. PLAINTIFF'S OBESITY**

The ALJ found that Plaintiff's severe impairments included joint disease, carpal tunnel syndrome and asthma, among others. (AR 752.) Plaintiff argues the ALJ failed to evaluate the effect of Plaintiff's obesity on these impairments and its effect on her ability to work. (Mot., pgs. 4-7.)

As with any other medical condition, the Commissioner will find that obesity is a "severe" impairment when, alone or in combination with another medically determinable physical or mental impairment, it significantly limits an individual's physical or mental ability to do basic work activities. Social Security Ruling[1] ("SSR") 02-1p, 2000 WL 628049, at *4.

The Court agrees with the Report and Recommendation that, although the ALJ did not consider the effect of Plaintiff's obesity on her severe impairments, Plaintiff did not point "to any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Thus, the ALJ did not commit reversible error by failing to consider Plaintiff's obesity. *See id.* at 684.

Accordingly, the Court **ADOPTS** the Report and Recommendation and directs the Clerk to enter judgment in favor of Defendant on this claim.

**B. CONSIDERATION OF TREATING PHYSICIANS' OPINION**

Generally, the ALJ should give more weight to the opinion of a treating doctor who is an acceptable medical source than to the opinion of a doctor who did not treat the claimant, and the ALJ should give the least weight to a nontreating, nonexamining doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

To reject an uncontradicted opinion of a treating or examining doctor who is an acceptable medical source, the ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester*, 81 F.3d at 830–31. If another doctor's opinion contradicts that of a treating or examining doctor who is an acceptable medical source, the ALJ need only provide specific and legitimate reasons for rejecting the opinion. *See id.*

---

[1] SSRs are final opinions and orders and statements of policy and interpretations that have been adopted by the Commissioner. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 n.2 (9th Cir. 1999). Once published, these rulings are binding precedent upon ALJs. *See id.*; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

08cv954

1    The ALJ can meet this burden by providing a detailed and thorough summary of the facts and

2    conflicting clinical evidence, stating his or her interpretation thereof, and making findings.

3    *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Moreover, the ALJ may reject the opinion

4    of a treating or examining doctor who is an acceptable medical source if that decision is based in part

5    on the testimony of a nontreating, nonexamining medical advisor.  *Morgan v. Comm'r of Soc. Sec.*

6    *Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).  Finally, an inconsistency within a physician's conclusion

7    is a specific and legitimate reason for rejecting a medical opinion.    *Tommasetti v. Astrue*, 533 F.3d

8    1035, 1041 (9th Cir. 2008).

9    Here, the Court notes that the opinions of Plaintiff's treating physicians were not

10   uncontroverted; therefore, the clear and convincing standard did not apply.  Instead, the ALJ needed

11   only to cite specific and legitimate reasons for rejecting the opinions. *Lester*, 81 F.3d at 830–31. The

12   Court agrees with the Report and Recommendation's finding that the ALJ satisfied this standard.

13   The treating physicians at issue here are Drs. Harris and Rubino, both of whom opined that

14   Plaintiff was disabled during the relevant time period. (Mot., pg. 7-13; AR 185-89, 197, 224-29, 364-

15   65, 368-69, 760.)  The ALJ rejected these opinions on the grounds that they were inconsistent with

16   other evidence presented in the record, including opinions by Richard Greenfield, M.D., Steven E.

17   Gerson, D.O., S.C. Swan, M.D., George C. Spellman, M.D., and Thomas J. Sabourin, M.D. (AR 313-

18   17, 321-28, 343-52, 436-46, 760-61, 763.)  The opinions by these other physicians who either treated,

19   examined or reviewed Plaintiff's medical condition reached conclusions that were similar to the ALJ's

20   residual functional determination.  (AR 757-761.)

21   The ALJ also noted that the treating physicians' opinions appear "on fill-in-the-blank forms

22   with only marginal notes attached to them" and fail to cite any medical testing results or objective

23   observations to support their conclusions.  (AR 760.)  With respect to Dr. Harris' opinion, the ALJ

24   found the opinion that Plaintiff lacked the ability to do basically anything was "so extreme as to be

25   beyond credibility."  (*Id.*)

26   In light of the above, the Court finds that the ALJ's treatment of the treating physician's

27   opinions is supported by substantial evidence.  Accordingly, the Court **ADOPTS** the Report and

28   Recommendation and directs the Clerk to enter judgment in favor of Defendant on this claim.

08cv954

1      **C.  PLAINTIFF'S MEDICAL IMPROVEMENT AS OF OCTOBER 2, 2001**

2            Plaintiff argues the ALJ erred in finding that Plaintiff experienced medical improvement as of

3      October 2, 2001.  Plaintiff relies on various reports from treating physician Dr. Harris, including a

4      report from October 29, 2001 referring to "numerous ongoing medical impairments and limitations."

5      (Mot., pg. 13.)

6            In finding that Plaintiff had experienced medical improvement as of October 2, 2001, the ALJ

7      noted that even Dr. Harris' reports state Plaintiff was full weight bearing and Plaintiff was only

8      experiencing a "slight" pain in the left knee. (AR 226, 755.)  Additionally, several opinions showed

9      that Plaintiff's knee was stable, had a full range of motion, and had almost normal strength with no

10     atrophy. (AR 227, 316, 756, 184.)

11           The Court finds there is substantial evidence in the record supporting the ALJ's finding of

12     medical improvement as of October 2, 2001.  Although there may also be evidence supporting

13     Plaintiff's position, the Ninth Circuit has consistently found that "[w]here the evidence is susceptible

14     to more than one rational interpretation, we must uphold the ALJ's conclusions." *Tommasetti*, 533

15     F.3d at 1038.  "Thus, even if the weight of the evidence is against the ALJ's conclusion, so long as

16     there is substantial evidence to support the conclusion, we must affirm." *Pearson v. Astrue*, No. 08-

17     35140, 2010 WL 76446, at *1 (9th Cir. January 11, 2010).

18           Therefore, the Court **ADOPTS** the Report and Recommendation and directs the Clerk to enter

19     judgment in favor of Defendant on this claim.

20     **D.  CONFLICTS IN THE TESTIMONY OF THE VOCATIONAL EXPERTS**

21           Plaintiff argues the ALJ erred by failing to resolve conflicts in the vocational expert's

22     testimony of Plaintiff's possible prospective occupations.  Plaintiff contends the physical demands of

23     the jobs identified by the vocational expert (and adopted by the AJL) exceed Plaintiff's limitations.

24     (Mot., pg. 18.)  Plaintiff further contends that the vocational expert's testimony is inconsistent with

25     the Dictionary of Occupational Titles on fingering and feeling. (Mot., pgs. 18-19.)

26           As noted by the Report and Recommendation, the ALJ found that from October 2, 2001

27     through November 31, 2003, Plaintiff was able to, among other things, lift and carry light loads, stand

28     for 3-4 hours, and sit for 6 hours in an 8 hour day. (AR 757.)  Plaintiff was also able to "frequently

1  but not continuously or repetitively" finger and feel, with unrestricted reaching. (*Id.*) The ALJ made

2  similar findings for Plaintiff for the period after March 1, 2005. (AR 768.)

3        After reviewing the three occupations cited by the vocational expert (*i.e.*, lens inserter, final

4  assembler and cuff folder [AR 762, 774]), the Court finds that the exertional requirements for those

5  occupations fall within Plaintiff's exertional limitations set forth above. For example, only frequent

6  reaching, handling and fingering is present in each occupation. DICOT,[2] 713.687-026, 713.687-018,

7  685.687-014. No climbing, balancing, stooping, kneeling, crouching or crawling is required. *Id.*

8  Additionally, each occupation is categorized as sedentary work. *Id.* Plaintiff has failed to adequately

9  demonstrate the existence of ambiguities or inconsistencies in the record between Plaintiff's

10 limitations and the occupations cited by the vocational expert.

11       Therefore, the Court **ADOPTS** the Report and Recommendation and directs the Clerk to enter

12 judgment in favor of Defendant on this claim.

13       **E. PLAINTIFF'S ABILITY TO WORK FROM OCTOBER 2, 2001 TO NOVEMBER**

14 **30, 2003**

15       Plaintiff argues the ALJ erred in finding Plaintiff was able to work (and, thus, not disabled)

16 from October 2, 2001 to November 30, 2003. (Mot., pg. 20.) Specifically, Plaintiff argues the ALJ

17 erred in failing to identify acceptable job positions for Plaintiff for this time period. (*Id.*)

18       Plaintiff's argument lacks merit. First, the record shows that the vocational expert, whose

19 opinion the ALJ adopted, found Plaintiff was able to perform work as a lens inserter, final assembler

20 or cuff folder. (AR 883-86.) In adopting the vocational expert's opinion, the AJL noted the vocational

21 expert testified that these occupations are consistent with Plaintiff's age, education, work experience

22 and residual functional capacity during the relevant time period. (AR 762.) The ALJ further noted

23 that this testimony was consistent with information contained in the Dictionary of Occupational Titles.

24 *Id.* As such, the Court finds that the ALJ's decision is supported by substantial evidence on the

25 record.

26       Therefore, the Court **ADOPTS** the Report and Recommendation and directs the Clerk to enter

27

28       [2] "DICOT" is the Westlaw database that contains job descriptions for the occupations set forth in the fourth edition of the Dictionary of Occupational Titles.

1   judgment in favor of Defendant on this claim.

2   **CONCLUSION**

3       For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the

4   Magistrate Judge, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's

5   Cross-Motion for Summary Judgment.  The Clerk is directed to enter judgment accordingly.

6

7   **IT IS SO ORDERED**.

8   Date:

9                                                 Hon. Roger T. Benitez
                                              United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv954